People v Alfonso (2026 NY Slip Op 01613)

People v Alfonso

2026 NY Slip Op 01613

Decided on March 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2026

Before: Moulton, J.P., Friedman, Gesmer, O'Neill Levy, Chan, JJ. 

Ind No. 2853/10|Appeal No. 6150|Case No. 2024-00806|

[*1]The People of the State of New York, Respondent,
vJonathan Alfonso, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Alec D. Miran of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Connor S. Glendinning of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about January 17, 2024, which, after a hearing, adjudicated defendant a risk level two sexually violent offender pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), unanimously affirmed, without costs.
The court providently exercised its discretion when it declined to grant a downward departure, and there is no basis for this Court to exercise its independent discretion to adjudicate defendant a level one offender (see People v Gillotti, 23 NY3d 841, 861 [2014]). The mitigating factors cited by defendant, including his participation in prison programming and family support, were outweighed by the seriousness of the underlying offenses, sexual abuse and enabling a forcible rape during a home invasion, and were adequately accounted for under factors 13 and 15 in the risk assessment instrument (see People v Rivera, 234 AD3d 605 [1st Dept 2025]; People v McNeill, 220 AD3d 518 [1st Dept 2023], lv denied 41 NY3d 903 [2024]).
Defendant did not establish that his rehabilitative efforts were so exceptional as to warrant a downward departure (cf. People v Williams, 148 AD3d 540 [1st Dept 2017]). Nor did he demonstrate that his familial support, relied on for his housing, represents new or enhanced stability that was not present at the time of the offense (see People v Austin, 237 AD3d 572, 574 [1st Dept 2025]). Defendant's score near the bottom of the range for the level two designation, without more, is insufficient to warrant a downward departure (cf. People v Fisher, 177 AD3d 615, 616 [2d Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2026